UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN PAUL SOTO,

    Plaintiff,

v.

                                      Civil Case No. 17-cv-10054
                                      Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S MARCH 2, 2018 REPORT AND RECOMMENDATION [ECF No. 14] (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 13]**

On January 9, 2017, Plaintiff filed this lawsuit challenging a final decision of the Commissioner denying Plaintiff's application for social security benefits. On January 9, 2017, this Court referred the lawsuit to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 12 & 13.)

**I.	Background**

On March 2, 2018, Magistrate Judge Davis issued an R&R recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. Plaintiff objects to the R&R because he believes Magistrate Judge Davis erred when she determined that the Administrative Law Judge's ("ALJ") failure to consider Plaintiff's diagnosis of ADHD, depression and personality disorder was harmless error. (ECF No. 15 at Pg ID 1072.)

At the conclusion of the R&R, Magistrate Judge Davis advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed an objection on March 16, 2018. (ECF No. 15.) Defendant responded to Plaintiff's objection on March 20, 2018. (ECF No. 16.)

**II.	Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to

appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**III. Applicable Law & Analysis**

The Court has made a *de novo* determination of the portion of the R&R to which Plaintiff objects and reaches the same conclusion as Magistrate Judge Davis. Plaintiff's sole objection is that Magistrate Judge Davis erred when she determined that the ALJ's failure to consider Plaintiff's diagnosis of ADHD, depression and personality disorder was harmless error. (ECF No. 15 at Pg ID 1072.) Plaintiff contends that he detailed in his testimony how the conditions interfered with his employment, including his inability to socially interact and suicidal thoughts. (*Id.* at Pg ID 1073.) He also maintains that his depressive symptoms and personality disorder caused him to have poor sleeping patterns and self-medicate with marijuana and led to his history of self-inflicted injuries. (*Id.*) According to Plaintiff, his conditions support a finding that his limitations are far more severe than the ALJ's RFC finding. (*Id.*)

Contrarily, Defendant argues that Magistrate Judge Davis found that the ALJ determined that Plaintiff's subjective complaints were not credible, and Plaintiff did not challenge that finding. (ECF No. 16 at Pg ID 1078.) Further, Defendant

3

contends that even with Plaintiff's reported symptoms, the objective evidence showed Plaintiff was "alert, attentive, and cooperative with intact memory and judgment and fair insight." (*Id.*)

Magistrate Judge Davis found that there was no record of any functional limitations relating to Plaintiff's diagnosis of ADHD, depression and personality disorder beyond those already assessed in the RFC based on Plaintiff's bipolar disorder. Ultimately, Magistrate Judge Davis found that even with the ALJ failing to discuss Plaintiff's ADHD, depression, or personality disorder, the error was harmless. (ECF No. 14 at Pg ID 1052.) "[A] diagnosis establishes a medically determinable impairment only where it is supported by objective medical evidence." *Tolbert v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 133019, at *12 (E.D. Mich. Aug. 27, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 133010 ( E.D. Mich., Sept. 18, 2012) (citing Social Security Ruling 96-4p, 1996 SSR LEXIS 11, *3, 1996 WL 374187 at *1); *see also* 20 C.F.R. § 404.1521 ("[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).")

The Court finds that Magistrate Judge Davis correctly concluded that there is no substantial evidence of functional limitations resulting from Plaintiff's

4

conditions of ADHD, depression, or personality disorder beyond those discussed in the RFC finding and requiring a remand would be futile.  Further, Plaintiff's subjective complaints regarding his limitations, absent objective medical evidence, are unprevailing.  The Court, therefore, adopts Magistrate Judge Davis' recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the findings of the Commissioner are **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 26, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager